IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FAHIMEH RAZMZAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:16-cv-00771-ALM-KPJ |
| § | |
| WAL-MART STORES, INC., § | JURY TRIAL DEMANDED |
| § | |
| Defendant. § | |

**PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Under 28 U.S.C. § 636(b)(1)(C), Plaintiff respectfully submits the following objections to certain of the Magistrate Judge's Report and Recommendation issued on March 5, 2017.

Pursuant to 28 U.S.C. § 636(b)(1)(C), any party may serve and file objections to the proposed findings and recommendations of the Magistrate Judge within 14 days after service of the Magistrate Judge's report.  By filing an objection, the party is entitled to a *de novo* review by the District Court of the findings and conclusions contained in the report to which objections are made.  Plaintiff thus submits these detailed objections to preserve matters for this Court's review.

As explained below, Plaintiff respectfully object to the following:

(1) The Report and Recommendation's conclusion and reasoning that the Texas Statute of Limitations was not tolled, and

(2) The Report and Recommendation's conclusion and reasoning regarding Defendant's waiver of their statute of limitations defense.

# ARGUMENT

### I. Plaintiff objects to the Report and Recommendation's conclusion and reasoning that the Texas Statute of Limitations was not tolled

The Report and Recommendation states that Plaintiff has not furnished any reason for the delay in obtaining service of process on Defendant.

Plaintiff filed suit against Wal-Mart Stores, Inc. on March 23, 2015 in the District Court of Denton County Texas.  The complaint against Wal-Mart Stores, Inc. alleged that Plaintiff suffered a slip and fall as a result of water or some other substance on the floor on March 24, 2013.  [Doc. 1-3] at ¶¶ 4-5.  Plaintiff filed her petition *pro se*, without the help of an attorney.  Plaintiff believed she properly filed suit against Wal-Mart Stores, Inc.  Plaintiff then received a notice of dismissal from the District Court of Denton County, Texas and sought out the Court to determine why her case was going to be dismissed.  Only at that time was she informed she needed to obtain service on Wal-Mart Stores, Inc.  Plaintiff, again as *pro se* without the help of an attorney, requested the issuance of citation and to have Wal-Mart Stores, Inc. served.  Service was completed on September 9, 2016. [Doc. 1-3] at pg. 4.  Wal-Mart Stores, Inc. then filed an answer on September 28, 2016, asserting a general denial to the claims of Plaintiff.

Plaintiff provided the reason that she was inexperienced and representing herself *pro se* to excuse her failure in obtaining service of process on Wal-Mart Stores, Inc.

### II. Plaintiff objects to the Report and Recommendation's conclusion and reasoning regarding Defendant's waiver of their statute of limitations defense.

The Texas Rules of Civil Procedure require that specific defenses and any matter "constituting an avoidance or affirmative defense" "shall [be] set forth affirmatively" in a responsive pleading. Tex. R. Civ. P. 94. If an affirmative defense or avoidance is not expressly

pleaded, the party cannot rely on the defense as a bar to liability. *MAN Engines & Components, Inc. v. Shows,* 434 S.W.3d 132, 136 (Tex. 2014).

On September 28, 2016, Defendant filed its Original Answer in the District Court of Denton County.  In Defendant's Original Answer, Defendant generally denied the allegations; however, Defendant did not plead any affirmative defenses to Plaintiff's Original Complaint.  The limitations issue would have been obvious to Defendant's counsel when it was served with the Original Complaint on September 9, 2016.   However, this issue was not raised by Defendant in their Original Answer.  Defendant then went on to file a Notice of Removal of the action from state court to federal court on October 6, 2016.  Defendant then waited until December 29, 2016 to request leave of Court to file its Amended Answer and for the first time raise the affirmative defense of statute of limitations.

Defendant has had ample time to raise the issue of statute of limitations.  Since Defendant did not raise this issue in its Original Answer or until December 29, 2016, Defendant has waived this defense.

## CONCLUSION

For the foregoing reasons, Plaintiff requests a *de novo* review by the District Court of the findings and conclusions contained in the report to which objections are made.  Plaintiff requests that the District Court deny Defendant's Motion to Dismiss and alternatively Motion for Summary Judgment.

Dated: March 20, 2017                                   Respectfully submitted,

               **LANGFORD, WISE & FARAHMAND, PLLC**

               /s/ *Eric A. Douglas*
               **ERIC A. DOUGLAS**
               eric@langfordandwise.com
               Texas Bar No. 2409760
               **ROGER A. FARAHMAND**
               Texas Bar No. 00793009
               5101 Ross Avenue, Suite 200
               Dallas, Texas 75206
               (214) 613-2929
               (214) 613-2541 (Facsimile)

               **ATTORNEYS FOR PLAINTIFF**
               **FAHIMEH RAZMZAN**

## CERTIFICATE OF SERVICE

   I hereby certify that on March 20, 2017 a true and correct copy of the foregoing *Plaintiff's Objections to Magistrate Judge's Report and Recommendation* was forwarded to all known counsel of record in accordance with Rule 5(a)(b)(1)(2)(E) of the Federal Rules of Civil Procedure and Local Rule CV-5(d) as follows:

Ramona Martinez, Esq.            *VIA SERVICE THROUGH CM/ECF FILING*
Cobb, Martinez, Woodward, PLLC
1700 Pacific Avenue
Suite 3100
Dallas, Texas 75201

               /s/ *Eric A. Douglas*
               **Eric A. Douglas**