# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FAHIMEH RAZMZAN, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 4:16CV771 |
| WAL-MART STORES, INC., | § | Judge Mazzant/Judge Johnson |
| Defendants. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On March 6, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (*see* Dkt. 23) that Defendant Wal-Mart Stores, Inc.'s (properly named Wal-Mart Stores Texas, LLC) ("Wal-Mart") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the alternative, Motion for Summary Judgment pursuant to Rule 56 (Dkt. 16), should be **GRANTED**.

Plaintiff Fahimeh Razmzan ("Plaintiff") filed objections to the report on March 20, 2017 (*see* Dkt. 26), and Defendant Wal-Mart filed a response on March 28, 2017. The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

Rather than asserting any new legal theories or analysis, or explaining the basis for her objections, Plaintiff merely re-urges the arguments already addressed in the Magistrate Judge's

report. For example, Plaintiff re-asserts her argument that her *pro se* status at the time she initially filed her complaint excuses her failure to serve Wal-Mart until eighteen (18) months after her complaint was filed. However, the Magistrate Judge specifically addressed Plaintiff's *pro se* status and properly concluded that "*pro se* status excuses neither a litigant's failure to effect service nor his lack of knowledge of the Rules of Civil Procedure." *See* Dkt. 23 at 4 (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)). Thus, Plaintiff's argument is without merit, and her objection regarding the tolling of Texas' two-year statute of limitations for negligence claims is overruled.

Plaintiff's waiver objection is similarly unavailing. The Magistrate Judge correctly found that Wal-Mart did not waive its statute of limitations defense. Wal-Mart pled a statute of limitations affirmative defense in both its motion for leave to file an amended answer (Dkt. 15) and its motion to dismiss (Dkt. 16). As the Magistrate Judge noted, federal procedural law applies in a diversity suit. *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995). Furthermore, affirmative defenses may properly be asserted in a Rule 12(b)(6) motion. *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997) ("[C]ertain affirmative defenses that clearly appear on the face of the plaintiff's complaint—most commonly that the statute of limitations has run—may properly be asserted in a Rule 12(b)(6) motion."). Legal arguments contained in Federal Rule of Civil Procedure 12(b)(6) motions are not waived if not raised pre-answer, and may be raised in the Answer, in a Rule 12(c) motion, or as late as trial. *See* Fed. R. Civ. P. 12(h)(2). Accordingly, Plaintiff's waiver objection is overruled.

The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Therefore, the Court finds that Defendant Wal-Mart's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the alternative, Motion for Summary Judgment pursuant to Rule 56 (Dkt. 16), is **GRANTED**, and Plaintiff's case is **DISMISSED** in its entirety with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedures 12(b)(6).

All relief not previously granted is **DENIED**.

The Clerk of Court is directed to **CLOSE** this civil action.

**It is SO ORDERED.**
**SIGNED this 1st day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE